UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually,

   Plaintiff,

v.

             Case No. 4:17-cv-10616

Tyrone-Hills, Inc., a Michigan corporation for profit

   Defendant.
_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, MICHAEL MILES, Individually, hereby sues the Defendant, Tyrone-Hills, Inc., a Michigan corporation for profit, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County of Hancock.

2. Defendant Tyrone-Hills, Inc.'s property, Tyrone Hills Golf Club is located at 8449 Old US Hwy 23, Fenton, MI 48430 in Genesee County.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the

       judicial district of the property situs. The Defendant's property and business is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Michael Miles is paraplegic and uses a wheelchair for mobility. MICHAEL MILES visits Fenton and the surrounding area for golf, visiting friends and for charity work several times annually. Michael Miles is an avid and accomplished adaptive golfer and has visited and been a customer and golfer at the golf course which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Tyrone Hills Golf Club and is located at 8449 Old US Hwy 23, Fenton, MI 48430.

9. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. MICHAEL MILES desires to visit Tyrone Hills Golf Club not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment

of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less); and, by failing to have established policies and procedures for the benefit of disabled patrons and invitees; and, by failing and refusing to acquire necessary auxiliary devices essential to the primary function of their place of public accommodation.  A preliminary inspection of Tyrone Hills Golf Club has shown that violations exist.  These violations include, but are not limited to:

Parking and Accessible Routes

    A. There are no designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    B. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    C. There is no signage marking designated accessible parking, in violation of the ADA whose remedy is readily achievable.

    D. There are no adjacent access aisles to any parking spaces, in particular accessible parking spaces of which there are none, in violation of the ADA whose remedy is readily achievable.

    E. There is no accessible route from the parking area to the clubhouse, due to a ramp with excess slope and no handrails, in violation of the ADA whose remedy is readily achievable.

    F. There is no accessible route into the "Golf Shop" due to a step, in violation of the ADA whose remedy is readily achievable.

G. There is no accessible route into "Ben Logans Sports Pub" , in violation of the ADA whose remedy is readily achievable.

H. The outdoor patio does not have an accessible route to it and is unusable to patrons who use wheelchairs due to steps, in violation of the ADA whose remedy is readily achievable.

Restrooms

I. There is insufficient clear floor space in the toilet compartments in all restrooms, in violation of the ADA whose remedy is readily achievable.

J. There is insufficient maneuvering clearance space, in violation of the ADA whose remedy is readily achievable.

K. There is insufficient latch-side clearance on the entrance door to the restrooms, in violation of the ADA whose remedy is readily achievable.

L. There are no lowered urinals, in violation of the ADA whose remedy is readily achievable.

M. There is insufficient clear floor space to approach urinal, in violation of the ADA whose remedy is readily achievable.

N. The lavatory has insufficient knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

O. The coat hooks located in the toilet compartments are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

P. There are amenities, such as dispensers, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Q. The toilet compartments lack door pulls on both sides and are not self-closing, in violation of the ADA whose remedy is readily achievable.

Golf Course

R. There are barriers along the fairway preventing golf carts from entering with openings at intervals greater than 75 yards, in violation of the ADA whose remedy is readily achievable.

S. There are no designated accessible portable restrooms available on the course, though at least one non-accessible portable restroom is provided, in violation of the ADA whose remedy is readily achievable.

    T. There are no adaptive golf carts available for patrons and golfers with disabilities, whereas an entire fleet of standard golf carts are available for rent on demand by able-bodied golfers, in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures</u>

    U. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and experienced unequal treatment for participation in the establishment's primary function of golf and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. Tyrone Hills Golf Club, is a public accommodation and service establishment, and as such must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and

Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17.     The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. § 37.1301 et seq.**

19.     Plaintiff restates the allegations of ¶¶ 1 - 1 8 as if fully rewritten here.

20.     Tyrone Hills Golf Club, is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21.     Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, there are no accessible routes to enter the clubhouse building at Tyrone Hills Golf Club and Mr. Miles had to send his 10 year old son into the building to check-in for his tee-time, pay for their rounds of golf, and purchase food and drink throughout each visit to the property. Mr. Miles should not have to send his minor child unsupervised into any retail establish to transact business on his behalf due to barriers to handicap access. Furthermore, there is no access to any restroom facility for Mr. Miles, and others similarly situated with mobility impairments, and a round of golf plus socializing with others at the golf course can and does last for period of five hours and longer. Finally, an able-bodied golfer can rent a golf cart however Mr. Miles must own, maintain and tow to the course a personal adaptive golf cart due to the Defendants failing to own, lease or otherwise provide any.

22.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

for Count II, compensatory and exemplary damages, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the

goods, services, facilities, privileges, and advantages to disabled persons.

        Respectfully Submitted,

        *Counsel for Plaintiff:*

        \s\ Owen B Dunn Jr_____
        Owen B. Dunn, Jr., Esq. MI Bar Number P66315
        Law Offices of Owen Dunn, Jr.
        The Ottawa Hills Shopping Center
        4334 W. Central Ave., Suite 222
        Toledo, OH 43615
        (419) 241-9661 – Phone
        (419) 241-9737 - Facsimile
        dunnlawoffice@sbcglobal.net

        and

        \s\ Valerie J. Fatica_____
        Valerie J. Fatica
        4334 W. Central Ave., Suite 222
        Toledo, OH 43615
        (419) 654-1622 – Phone
        (419) 241-9737 - Facsimile
        valeriefatica@gmail.com
        *admitted to the Eastern District of Michigan